ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 22, 2011

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0902

Re: Authority of the Higher Education Coordinating Board to adopt a complaint procedure that complies with the program integrity regulations established by the Federal Department of Education (RQ-0982-GA)

Dear Commissioner Paredes:

You ask three questions about the Texas Higher Education Coordinating Board's ("Board") procedures for handling complaints about postsecondary educational institutions ("Institutions").[1] Your first question is whether section 61.031 of the Education Code grants the Board authority to establish those procedures. Request Letter at 1. Under the Board's proposed procedures, some complaints filed with the Board would be referred to and resolved by the consumer protection division of this office or the governing board of a statewide university system. Request Letter at 3–4. Other complaints filed with the Board would be referred to and possibly resolved by the Institution in question or its accrediting body while the Board retained ultimate responsibility for handling and resolving the complaints. *Id.* Thus, the procedures you describe would require the tasks of handling, investigating, and resolving complaints. *See id.*

Section 61.031 requires the Board to maintain a file on each complaint. TEX. EDUC. CODE ANN. § 61.031(a) (West 2006). That section also requires the Board to provide the complainant and the entity against whom the complaint is filed a copy of the Board's "policies and procedures relating to complaint investigation and resolution." *Id.* § 61.031(b). Section 61.031 notes that the Board might "close[] the file" and "investigate the complaint" as well as "tak[e] action other than to investigate the complaint." *Id.* § 61.031(a)(6). Thus, section 61.031 acknowledges that the Board has authority to handle, investigate, and resolve complaints about matters under its jurisdiction. *See id.* The statute prescribes very general guidance on how the Board must exercise that authority. *Id. Cf.* Tex. H.J. Res. 130, 82d Leg., R.S. (2011) (providing that "consumer complaints about the [private institutions named in H.J. Res. 130] can be made to the Office of the Attorney General,

---

[1]Letter from Raymund A. Paredes, Commissioner of Higher Education, to Honorable Greg Abbott, Attorney General of Texas at 1 (June 24, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

consumer protection division, and complaints concerning financial impropriety and ethical misconduct can be made to the Office of the Attorney General, charitable trust division"). Accordingly, the Board has authority to promulgate the kinds of procedures you describe in your letter.[2] *See Pub. Util. Comm'n v. GTE-Sw., Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) (explaining that state agencies have only those powers granted expressly by law and necessarily implied therefrom); TEX. EDUC. CODE ANN. § 61.021(a) (West 2006) (stating that the Board is a state agency).

Your second question is whether section 61.031 authorizes the Board to "'appropriately act on' complaints, as required by the [U.S. Department of Education]." Request Letter at 4 (quoting title 34, section 600.9(a)(1), Code of Federal Regulations). Although the U.S. Department of Education (the "DOE") requires that the Board "appropriately act on" complaints, its regulations fail to specify what particular action the Board is required to take. *See generally* 20 U.S.C.A. §§ 1001, 1002 (2010); 34 C.F.R. pt. 600 (2011); Letter from Eduardo M. Ochoa, The Assistant Sec'y., U.S. Dep't of Education (Mar. 17, 2011), *available at* http://ifap.ed.gov/dpcletters/attachments/GEN1105.pdf. Nevertheless, the Texas Legislature granted the Board authority to investigate, "tak[e] action other than to investigate," resolve, and close the file on a complaint. TEX. EDUC. CODE ANN. § 61.031(a) (West 2006). Based on this broad grant of authority to the Board, we conclude that the Board has authority to "appropriately act on" complaints, as DOE regulations require. *See Pub. Util. Comm'n*, 901 S.W.2d at 407 (explaining that state agencies have only those powers granted expressly by law and necessarily implied therefrom); TEX. EDUC. CODE ANN. § 61.021(a) (West 2006) (stating that the Board is a state agency). *See also* TEX. GOV'T CODE ANN. § 311.021(4) (West 2005) (providing that a result feasible of execution is intended in enacting a statute).

Your third question is about a recent Texas Supreme Court case, *HEB Ministries, Inc. v. Texas Higher Education Coordinating Board*, and the DOE's interpretation of a federal regulation. Request Letter at 1. *HEB Ministries* held that sections 61.304 and 61.313(a) of the Education Code violated the Establishment Clause of the First Amendment to the U.S. Constitution as applied to a religious Institution's programs of *religious* instruction. *HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 649 (Tex. 2007). Section 61.304 prohibits an Institution from granting a degree unless the Institution and the degree satisfy the Board's requirements. TEX. EDUC. CODE ANN. § 61.304(a) (West 2006). Section 61.313(a) prohibits an Institution from using a name like "college" or "seminary" unless it satisfies the Board's requirements. *Id.* § 61.313(a). The DOE interprets a federal regulation to require that religious Institutions be subject to states' complaint procedures. Program Integrity Issues, 75 Fed. Reg. 66,868 (Oct. 29, 2010) (interpreting title 34, section 600.9(a), Code of Federal Regulations)). You suggest that *HEB Ministries* conflicts with the federal regulation and ask how to resolve the purported conflict. Request Letter at 4–5.

---

[2]You do not ask about, and we do not opine on, the reasonableness of the Board's proposed complaint procedures. *See generally* Request Letter. *See also* Tex. Att'y Gen. Op. No. DM-401 (1996) at 3 (explaining that reasonableness is a fact issue that the opinion process cannot address).

We begin our answer by noting that the Texas Supreme Court's *HEB Ministries* decision did not hold that religious Institutions are exempt from the Board's complaint procedures under section 61.031. *See generally HEB Ministries, Inc.*, 235 S.W.3d at 649, 657. Indeed, the Texas Supreme Court's holding specifically addressed sections 61.304 and 61.313(a) of the Education Code and religious Institutions' *religious*, rather than *secular*, programs of study. *Id.* at 657. As the Texas Supreme Court explained, the Board's authority to regulate "religious institutions offering a *secular* education" was not even an issue in the *HEB Ministries* case. *Id.* at 641 (emphasis added). Indeed, the religious Institutions who were plaintiffs in the case did not challenge the Board's authority to regulate *secular* higher education programs. *Id.* at 641, 656. Accordingly, *HEB Ministries* does not prohibit the Board from handling a complaint involving a religious Institution's *secular* program of study. Furthermore, you have not identified, and we have not found, any DOE guidance or federal regulation stating that states must handle complaints about religious Institutions' *religious* programs of study.[3] Therefore, the Board may comply with the Texas Supreme Court's holding in *HEB Ministries* and the DOE's guidance on federal regulations if the Board does not subject religious Institutions to complaints relating to their *religious* programs of study.

---

[3]According to the DOE, a "State would be expected to handle complaints regarding not only laws related to licensure and approval to operate but also any other State laws including, for example, laws related to fraud or false advertising." Program Integrity Issues, 75 Fed. Reg. 66,865 (Oct. 29, 2010). In your letter, you suggest that the DOE interprets DOE rules to mean that a state complaint procedure must also address complaints relating to "quality of education or other state or accreditation requirements." Request Letter at 2. However, the DOE has stated merely that, "to the extent a complaint relates to an institution's quality of education or other issue appropriate to consideration by an institution's accrediting agency, a State *may* refer a complaint to the institution's accrediting agency for resolution." Program Integrity Issues, 75 Fed. Reg. 66,866 (Oct. 29, 2010) (emphasis added).

# S U M M A R Y

The Texas Higher Education Coordinating Board has authority to promulgate procedures for handling complaints about postsecondary educational institutions. The Texas Supreme Court has held that the Board is prohibited from regulating, in certain respects, religious postsecondary education institutions' *religious* programs of study, but it has not held that the Board is prohibited from regulating religious postsecondary education institutions' *secular* programs of study. Accordingly, the Board may handle complaints about religious postsecondary institutions' secular programs of study.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee